IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Criminal No. 2:02-cr-16(1)
                                                  (Judge Maxwell)

AARON J. REDMON,

        Defendant.

## OPINION/REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR MODIFICATION OF IMPOSED TERM OF IMPRISONMENT AND FOR CORRECTION OF UNLAWFUL/ILLEGAL SENTENCE

On November 22, 2004, the defendant filed a Motion for Modification of Imposed Term of Imprisonment & for Correction of an Unlawful/Illegal Sentence in Reference to 18 U.S.C. § 3582(c)(1)(i) and Fed.R.Civ.P. 60(b)(2)(b)(6). On November 30, 2005, the motion was referred to the undersigned for a report and recommendation.

## I. 18 U.S.C. § 3582

In his motion for modification of sentence, the defendant asserts that his sentence should be modified in light of the Supreme Court's decision in Blakely v. Washington, 524 U.S. 296 (2004).[1] However, the Court is only allowed to modify a sentence in limited circumstances. The

---

[1] Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." The Supreme Court has applied this holding to the federal sentencing guidelines. United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's Blakely claim is now a Booker claim.

defendant asserts that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(i), but that section is not applicable in this case because the Director of the Bureau of Prisons has not made a motion to modify the defendant's sentence.[2] The only portion of § 3582 that would be even remotely applicable to the defendant's argument is § 3582(c)(2) which provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

However, the Court is precluded from modifying the defendant's sentence under this section as well because there has been no amendment to the sentencing guidelines which would justify a sentence reduction. The Blakely/Booker decisions were not decisions from the Sentencing Commission, but decisions from the Supreme Court.

## II.  Rule 60(b) of the Federal Rules of Civil Procedure

There is no section (b)(2)(b)(6) in Rule 60 of the Federal Rules of Civil Procedure. However, there is a section b(2) and a section (b)(6). Under Rule 60(b)(2), the Court may relieve a party from a final judgment upon motion of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). In

---

[2] Section (c)(1)(A)(i) states that the Court can modify an imposed term of imprisonment upon the motion of the Director of the Bureau of Prisons, if the Court finds "extraordinary and compelling reasons warrant such a reduction."

addition, Rule 60(b)(6) allows a Court to relieve a party from a final judgment upon motion and for "any . . . reason justifying relief from the operation of the judgment." Because the defendant makes no specific Rule 60(b) argument in the body of his motion, it appears that he is arguing that the Supreme Court's decision in Blakely provides the basis for his request. However, the Fourth Circuit has held that Rule 60 (b) motions should be treated as applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to [] habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995).

Here, the defendant does not assert any "defect in [the] collateral review process." United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003). Instead, his motion directly attacks his sentence. Therefore, the defendant's Rule 60(b) motion should have been filed as an application for post-conviction relief under 28 U.S.C. § 2255. Id. However, before any motion can be recharacterized as a motion filed pursuant to § 2255, the court is first required to give the defendant notice of its intent to recharacterize the motion, warn him of the effects of such recharacterization, and advise him as to the requirements of § 2255. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). The defendant must then be given the opportunity to consent to the recharacterization of his motion, or to proceed as filed. Id.

In this case, it would be futile to allow the defendant to convert his motion to one under § 2255 because the Fourth Circuit has already found that Blakely/Booker do not apply retroactively. See United States v. Morris, 429 F.3d 65 (2005). Thus, the defendant is not entitled to have Blakely/Booker applied retroactively to his sentence and even if his Rule 60(b) motion was properly converted to a § 2255 petition, the defendant would not be entitled to relief.

3

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion for Modification of Imposed Term of Imprisonment under 18 U.S.C. § 3582(c) and for Correction of an Unlawful/Illegal Sentence under Rule 60(b) of the Federal Rules of Civil Procedure (Dckt. 105) be DENIED.

Any party may file within ten (10) days after being served with a copy of this opinion with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the defendant and any counsel of record.

DATED: May 25, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE